FILED & JUDGMENT ENTERED
David E. Weich

Apr 29 2008

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_George R Hodges_
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DIVISION OF NORTH CAROLINA
ASHEVILLE DIVISION

In Re:                                    )    Case No.:    07-10712
                                          )    Chapter:     11
PHILLIP BALL and FAY J. BALL,             )
                                          )
            Debtors.                      )

## CONSENT ORDER

THIS MATTER on before the undersigned United States Bankruptcy Court Judge Presiding pursuant to the Motion for Adequate Protection and Relief from the Stay filed by Blue Ridge Savings Bank, Inc., and after a preliminary hearing on March 19, 2008 the matter was set for a final hearing on April 24, 2008 and upon the call of the case, counsel for the parties announced a settlement to the Court, and by and with the consent of the parties IT IS ORDERED AS FOLLOWS:

BACKGROUND:

1.    Blue Ridge Savings Bank, Inc. is the owner of a Note in the original principal amount of $750,000.00 which is secured by various real properties, one of which is a real property located at West Fifth North Street, Morristown, Tennessee which is the subject of this Order.

2.    The balance of the debt owed to Blue Ridge Savings Bank, Inc. is $769,384.88 and said debt continues to accrue interest from the 3rd of March at the rate of $156.47 a day and Trustee's fees and attorney's fees are due as well.

3.    That the Debtor has proposed to sell the property located at West Fifth North Street, Morristown, Tennessee to his daughter for $400,000 but no sale has occurred.

4.    That the property has been rented by the Debtors to the Debtors' daughter since the filing of this case and Blue Ridge Savings Bank, Inc. has an Assignment of Rents.

NOW, THEREFORE, IT IS ORDERED as follows:

1. The Debtor shall make an adequate protection payment to Blue Ridge Savings Bank, Inc. of $3,000.00 on or before the 15th of May, 2008 and a like payment on or before the 15th day of June. In the event any such payment is not made when due and such default is not cured within ten (10) days after written notice to Attorney Pitts, then the Debtor shall be in default under this Order.

2. That in the event the property has not been sold and the net sales proceeds paid to Blue Ridge Savings Bank, Inc. by the 29th of June, 2008, then the Debtors shall be in default under this Order unless the Debtors shall pay the sum of $4,000.00 as adequate protection to Blue Ridge Savings Bank, Inc. before the close of business on the 29th of June, 2008.

3. That if the property is not sold and the net proceeds paid to Blue Ridge Savings Bank, Inc. on or before the 29th of July, 2008, then the Debtors shall be in default under this Order unless the Debtors shall pay an additional adequate protection payment to Blue Ridge Savings Bank, Inc. of $4,500.00.

4. If all of the aforesaid payments are made and the property is not sold by the 29th of August, 2008, then the Debtors shall be in default under this Order.

5. That in the event the Debtors are in default under this Order under any of the provisions above, then without further notice, hearing or Order of this Court, the automatic stay in this cause shall be automatically lifted with respect to the property at West Fifth North Street, Morristown, Tennessee and Blue Ridge Savings Bank, Inc. shall be free to proceed under its state law remedies against said property.

**WE CONSENT:**


s/ Robert M. Pitts                                    s/ Albert L. Sneed, Jr.
Robert M. Pitts, Attorney for Debtor       Albert L. Sneed, Jr., Attorney for:
                                                              Blue Ridge Savings Bank, Inc.


This Order has been signed electronically.         United States Bankruptcy Court
The Judge's signature and court's seal
appear at the top of the Order.
DMS:4813-8593-9714v1|14903-14903-0152|4/23/2008