FILED & JUDGMENT ENTERED
David E. Weich

Dec 19 2008

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DIVISION OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| In Re: ) | Case No.:   07-10712 |
| ) | Chapter:   11 |
| PHILLIP BALL and FAY J. BALL, ) | |
| ) | |
| Debtors. ) | **ORDER** |

THIS MATTER on before the undersigned United States Bankruptcy Court Judge Presiding for a final hearing upon the Motion of Blue Ridge Savings Bank, Inc. for relief from the stay and confirmation of the Debtors' Plan, and after hearing the evidence and the argument of counsel, the Court concludes that it should make the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT:**

1.      Blue Ridge Savings Bank, Inc. is the owner and holder of a Note in the original principal amount of $750,000.00, secured by a Deed of Trust recorded in Book 361, page 453 of the Madison County Registry conveying two (2) parcels of undeveloped land, the Debtors' home place at 501 Banjo Branch Road and a log home on a one-acre parcel.

2.      That the balance due to Blue Ridge Savings Bank, Inc. is $422,287.00 plus attorney's fees and costs as of the 10th day of December, 2008.

3.      That Blue Ridge Savings Bank, Inc. has worked with the Debtor since this case was filed in October of 2007.

4.      That the Debtor has essentially made only three or four small adequate protection payments to Blue Ridge Savings Bank, Inc.

      5.      That the Debtor, after a Motion for Relief from Stay was filed, reduced the prices and did successfully sell two (2) other parcels which reduced the indebtedness to Blue Ridge Savings Bank, Inc.

      6.      That Blue Ridge Savings Bank, Inc. has obtained relief from stay on the Day Care Center in Morristown, Tennessee and has sold that property and the proceeds have been credited to reduce the debt to Blue Ridge Savings Bank, Inc.

      7.      That the Debtors' total monthly income consists of State Retirement and Social Security in the approximate amount of $2,080.00 a month.

      8.      That the Debtors' total secured debt is approximately $900,000.00.

      9.      That the Debtors' only listed for sale the properties being subject of the Blue Ridge Savings Bank, Inc.'s Deed of Trust after Blue Ridge obtained a Consent Order in August, 2008.

      10.      That there have only been two showings of the log home.

      11.      That this case has been marked by non-action rather than action and at the hearing before the undersigned in September, Blue Ridge Savings Bank, Inc. complained about the occupancy of the log home by the son and the motorcycle in the living room and yet the Debtor has taken no action to cure those problems until the week immediately preceding this hearing.

      12.      That the properties appear to be over priced in their listings.

      13.      That there is no feasible Plan in prospect.

      14.      That the Debtors' Plan proposes that the Debtor should continue to use the residence at 501 Banjo Branch Road and his son should use the log home for another six (6) months without any payments to Blue Ridge Savings Bank, Inc.

## **CONCLUSIONS OF LAW:**

Based upon the foregoing, the Court concludes as follows:

      1.      That the Plan is not feasible and is likely to be followed by a liquidation.

      2.      That the Debtor is using Blue Ridge Savings Bank, Inc.'s collateral without making any adequate protection payments and it is entitled to relief from the automatic stay.

NOW, THEREFORE, IT IS ORDERED THAT:

      1.      The Confirmation of the Debtors' Plan is denied.

2.     Blue Ridge Savings Bank, Inc. is granted relief from the automatic stay, free to proceed under its state law remedies under that Deed of Trust recorded in Book 361, Page 453 of the Madison County Registry, provided, however, said relief from the stay is limited as follows. Blue Ridge Savings Bank, Inc. and its Trustee are free to proceed against all of Tract 1 parcels 1 and 2 of the Deed of Trust which includes all of Lot 1 and 2 of Plat Book 3 Page 760, that is: 2 parcels of land on Kitty Lane and Banjo Branch Road, and the log home, but is, provided, however, that no sale may be made of Tract 2, being the Debtors principal residence at 501 Banjo Branch Road without further order of this Court or dismissal of the case; and

3.     IT IS FURTHER ORDERED THAT Blue Ridge Savings Bank, Inc. may resume the pending foreclosure.

This Order has been signed electronically. The Judge's signature and court's seal; appear at the top of the Order.

United States Bankruptcy Court

DMS:4852-8924-7747v1|14903-14903-0152|12/18/2008