FILED & JUDGMENT ENTERED
David E. Weich

Dec 04 2009

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 07-10712 |
| PHILLIP BALL | ) | Chapter 11 |
| FAY J. BALL | ) | |
| Debtors | ) | **ORDER CONFIRMING CHAPTER 11 PLAN** |

Dated: December 3, 2009

The debtors having filed their Chapter 11 Plan and a copy of said Plan having been transmitted to the holders of claims and interests and objections to said Plan being filed by Blue Ridge Savings Bank and the Internal Revenue Service and a hearing to consider confirmation of the Plan and other matters relating to confirmation having been held before the court on November 3, 2009 (the "Confirmation Hearing") and all parties in interest having had an opportunity to appear and be heard at the Confirmation Hearing; and the Court having heard from counsel for the debtors and counsel for Blue Ridge Savings Bank ("Blue Ridge") that the parties had agreed on terms in an Amended plan relating to payment of the claim of Blue Ridge and the attorney for the Internal Revenue Service having reported to the court that the IRS objection to Confirmation of the Plan had been withdrawn; and the debtors Chapter 11 Plan, as amended, having been filed on December 2, 2009; and based upon all other pleadings and papers filed in this matter, all proceedings heretofore held and the record of the Confirmation Hearing and after deliberation and sufficient cause appearing; the Court having found and determined:

1. The Plan complies with the applicable provisions of Chapter 11 of the Code.

2. The debtors have complied with the provisions of Chapter 11 of the Code.

3. The Plan has been proposed in good faith and not by any means forbidden by law.

4. Any payment made or promised by the proponent, by the Debtor, or by any person

issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the case, or in connection with the Plan and incident to the case, have been disclosed to the Court; and any such payment made before confirmation of the Plan is reasonable; or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the court as reasonable.

5. There are no governmental regulatory commissions with jurisdiction over any rates of the Debtor.

6. With respect to each impaired class of claims or interests:

   A.  Each holder of a claim or interest of each Class of claims or interest under the Plan has either accepted the Plan; or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date; or

   B.  If Section IIII(b)(2) of the Bankruptcy Code applies to the claims of such class, each holder of a claim of such class will receive or retain under the Plan on account of such claim property of a value, as of the effective date of the Plan, that is not less than the value of such creditor's interest in the estate's interest in the property that secures such claims.

7. With respect to each class, such class has accepted the Plan, or such class is not impaired under the Plan as shown on the Reports of Voting on the Plan filed with the Court..

8. The Plan complies with the provisions of Section 1129(a)(9) of the Code with respect to priority claims.

9. At least one class of impaired claims has accepted the Plan, determined without including any acceptance of the Plan by an insider holding a claim of such class.

10. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the debtors.

11. All fees payable under Section 1930 of Title 28, as determined by the Court at the hearing on confirmation of the Plan, have been paid or will be paid prior to the Effective Date of the Plan.

12. There are no payments due by the Debtor for retiree benefits as defined in Section 1114 of the Code.

13. The Plan is incorporated herein by reference and all condition precedent to confirmation as set forth in the Plan have been met.

14. All creditors and equity security holders of the Debtor are jointly and severally restrained and enjoined from commencing or continuing any action or employing any process to collect any debts or claims against the Debtor or any of its property or assets or to obtain possession or property of the estate or to create, perfect, or enforce any lien against property of the estate other than by the treatment under the Plan.

15. Objections to the Plan were filed by the Internal Revenue Service and Blue Ridge. The Objection to the Confirmation of the Plan by the Internal Revenue Service has been withdrawn. Blue Ridge has accepted the debtors Amended Plan of Reorganization.

16. On December 1, 2008 the debtors served copies of the debtors Chapter 11 plan which was filed on that date along with an Amended Disclosure Statement. The ballot for accepting or rejecting the Plan were timely served on creditors, equity security holders and parties in interest. Copies of the debtors Third Amended Disclosure Statement and Amended Plan or Reorganization were served on creditors on August 17, 2009.

17. At the Confirmation Hearing counsel for the debtors and Blue Ridge informed the Court that the parties were in agreement with respect to the provisions of the Plan dealing with payment of the debtors' obligation to Blue Ridge. The debtors requested additional time for hearing on the Confirmation hearing in order to allow their CPA to further investigate the balance of the debt owed to Blue Ridge and to present evidence of those findings. The Court, however, believes that adequate time has been given to the debtors for this process and that the Plan should be confirmed as presented. The Court will consider a Motion by the Debtors at a later time for Amendment of the Plan if there is evidence as to an amount being owed to Blue Ridge other than the amount as stated in the Plan. The Court will award attorney fees to Blue Ridge if such a Motion is filed and there is no finding that the debt as stated is incorrect.

**THEREFORE, IT IS ORDERED** that the Chapter 11 Plan filed by the Debtor-in-Possessionon December 2, 2009, is confirmed.

This Order has been signed electronically. The Judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court